b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOUIS WHITE, JR.,<br>Plaintiffs | CIVIL DOCKET NO. 1:19-CV-00498 |
| VERSUS | JUDGE DRELL |
| EDWARD GENE HERRINGTON,<br>ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Plaintiff Louis White, Jr. ("White") filed a motion to Amend Complaint and to Remand (ECF No. 36). Because diversity jurisdiction did not exist at the time of removal, White's Motion to Remand (ECF No. 36) should be GRANTED. White's Motion to Amend (ECF No. 36) should be DENIED for lack of jurisdiction.

I. Background.

Plaintiff White filed a petition for damages in the Seventh Judicial District Court in Concordia Parish. ECF No. 1-1 at 3. White alleges damages for injuries from a motor vehicle accident between a truck in which White was a passenger and a tractor-trailer. The named Defendants are Edward Gene Herrington ("Herrington") (the owner/driver of a Peterbilt tractor pulling a 2015 Transcraft flatbed, acting within the scope of his employment as a truck driver for SRT Oil Field Services, L.L.C. ("SRT")), SRT (Herrington's employer), Cherokee Insurance Company ("Cherokee") (liability insurer for SRT covering the tractor-trailer driven by Herrington), Sheila McLain (succession representative of Richard McLain, the

deceased driver of the pickup truck in which White was a passenger) ("McLain"), and Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau") (liability insurer for the truck driven by Richard McLain).[1]

Defendants Herrington, SRT, and Cherokee removed on the basis of diversity, and alleging improper joinder of McLain and Farm Bureau. Defendants further allege that: Herrington is a citizen of Mississippi; SRT is a Mississippi limited liability company and its sole member is Jon S. Widener, a citizen of Mississippi; Cherokee was incorporated in and has its principal place of business in Michigan; White is a citizen of Louisiana; Richard and Sheila McLain were and are citizens of Louisiana; and Louisiana Farm Bureau was incorporated in and has its principal place of business in Louisiana.

White filed a First Supplemental and Amending Complaint, adding Hallmark Insurance Company ("Hallmark") as a Defendant. ECF No. 17. White alleges that Hallmark is an excess insurer for Herrington and/or SRT, covering the tractor-trailer driven by Herrington. Hallmark was incorporated in Oklahoma and has its principal place of business in Texas.[2]

Answers were filed by Farm Bureau and McLain (ECF Nos. 13, 17); Cherokee, Herrington, and SRT (ECF No. 19); Farm Bureau and McLain (ECF No.

---

[1] In a related case, *McLain v. Herrington*, Docket No. 1:19-CV-00454 (W.D. La.), Sheila McLain, on behalf of herself and Richard McLain, sued Herrington, SRT, Cherokee, Hallmark, and Farm Bureau.

[2] See *McLain v. Herrington*, Docket No. 1:19-CV-00454, ECF No. 1 at 3, ¶ 10.

20); and Hallmark (ECF No. 21). Cherokee was dismissed pursuant to a joint, voluntary motion.[3] ECF Nos. 26, 27.

White then filed a Motion to Amend Complaint (to add a claim against Farm Bureau's uninsured/underinsured motorist ("UM") policy on McLain's truck) and a Motion to Remand. ECF No. 36. Defendants Hallmark, Herrington, and SRT oppose those motions, contending Farm Bureau is not properly joined and that the purpose of adding a claim against the UM insurance is to destroy diversity. ECF No. 39.[4]

II. <u>Law and Analysis</u>

A. <u>Farm Bureau is properly joined as McLain's liability insurer.</u>

Farm Bureau was named as a Defendant in White's original petition because it is McLain's liability insurer. White claimed that, in the event Herrington was not found 100% at fault for the accident, McLain should be found comparatively negligent.[5]

---

[3] As noted in a Report and Recommendation in the related case, *McLain v. Herrington*, Docket No. 19-00454, ECF No. 42 (W.D. La.), Cherokee had a policy limit of $2,000,000 per occurrence. Cherokee has settled both cases and has been dismissed. Hallmark has a policy limit of $5,000,000 per occurrence.

[4] Defendants also removed the related case, *McLain v. Herrington*, Docket No. 1:19-CV-00454 (W.D. La.). That case was remanded to the state court on McLain's motion because Defendants did not show that McLain would not be able to recover from Farm Bureau's UM policy on McLain's truck. Therefore, there was no diversity jurisdiction. See *McLain v. Herrington,* Docket No. 19-CV-00454, ECF Nos. 42, 57 (W.D. La.).

[5] In his original complaint, White alleges (ECF No. 1-1 at 4, ¶ 2):
> On or about April 11, 2018, at approximately 8:25 a.m., petitioner Louis White, Jr. was riding as a guest passenger in a 2012 Ford 350 pickup truck, owned and being driven by Richard S. McLain, which was pulling a utility trailer They were proceeding northbound on U.S. 65 in Concordia Parish, Louisiana. They had exited the travel lane onto the shoulder of U.S. 65,

3

In their Notice of Removal, Defendants allege Farm Bureau is fraudulently joined because White's negligence claim against McLain is preempted by the Louisiana Worker's Compensation Act. In their brief (ECF No. 39), Defendants contend that, because White did not challenge the Court's preliminary finding as to jurisdiction, the Court has jurisdiction.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."

---

> slowing to a stop. Suddenly and without warning they were struck by a northbound 2017 Peterbilt Tractor pulling a 2015 Transcraft flatbed, owned and being driven by Edward Gene Herrington within the course and scope of his employment as a truck driver for SRT Oil Field Services, L.L.C. Edward Gene Herrington left his lane of travel and went into the northbound shoulder, striking the 2012 Forde 350 pickup truck. Edward Gene Herrington's vehicle traveled over the utility trailer, and then struck the bed and passenger compartment of the 2012 Ford 350 pickup truck, all of which caused extensive property damage to the 2012 Ford 350 pickup truck, fatal injuries to Richard S. McLain, and serious bodily injuries to petitioner.

White further alleges (ECF No. 1-1 at 6, § 7):
> In the alternative and only in the event that Edward Gene Herrington is not found exclusively at fault for the accident herein, petitioners show that the negligence and substandard conduct of Richard S. McLain . . . was a proximate cause of Louis White, Jr.'s injuries and damages. Richard S. McLain, the operator of the 2012 Ford F350, was proceeding down the highway ahead of defendant, Edward Gene Herrington, operator of the 2017 Peterbilt Tractor and 2015 Transcraft flatbed, and Mr. McLain traveled onto the northbound shoulder of US 75 and was slowing to a stop when the 2017 Peterbilt Tractor struck the 2012 Ford F350. Mr. McLain's inattentive driving by being unaware of the 2017 Peterbilt Tractor approaching quickly from the rear, and the unnecessary movement to the shoulder to stop, were negligent acts and were alternatively, in part, proximate causes of the accident.

White alleges that, if Herrington's negligence was not the sole cause of the accident, McLain was contributorily negligent. In the proposed amended complaint, McLain's UM insurance will cover any damages caused by Herrington's negligence that are not covered by Herrington's insurance. White contends he was not aware of McLain's UM insurance until McLain's lawsuit was filed.

4

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, even after trial and the entry of final judgment. *See id.* at 506-07. The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Further, "when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Company of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

Defendants contend there is complete diversity because Farm Bureau is fraudulently joined. To demonstrate improper joinder, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *See Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

Defendants rely on the second prong in this case. The threshold question is whether there is no reasonable basis to predict that the plaintiff might be able to recover against an in-state defendant. The burden of proof is on Defendants. *See*

*Gasch*, 491 F.3d at 281. In deciding whether a party was improperly joined, a court must resolve all contested factual issues and ambiguities of state law in favor of the plaintiff. *See Gasch*, 491 F.3d at 281.

A court may predict whether a plaintiff has a reasonable basis of recovery under state law in one of two ways. The court may conduct a "Rule 12(b)(6)-type analysis," looking initially at the allegations to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *See Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. den., 544 U.S. 992 (2005). However, there are cases in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *See Smallwood*, 385 F.3d at 573.[6]

Pursuant to Fed. R. Civ. P. rule 12(b)(6), "a complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))

---

[6] A summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *See Smallwood*, 385 F.3d at 574. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. The purpose of the inquiry is an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. The inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

(internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. *See Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016).

Defendants argue that the Louisiana Worker's Compensation Act, La. R.S. 23:1020.1, *et seq.,* is White's exclusive remedy against McLain. Under the Act, employers are responsible for compensation benefits to employees or their dependent survivors only when the injury results from an accident "arising out of and in the course of his employment." *See Louisiana Workers' Compensation Corp. v. Nat'l Serv. Indus., Inc. of California*, 2007-1089 (La. App. 4 Cir. 3/5/08, 3–4), 980 So. 2d 130, 132 (citing LSA–R.S. 23:1031; *O'Regan v. Preferred Enterprises, Inc.,* 98–1602 (La.3/17/00), 758 So. 2d 124). In Louisiana, worker's compensation is the exclusive remedy against the employer when the employee is engaged in the normal course and scope of his employment, except in circumstances where injury results from an intentional act. *See Johnson v. Templeton,* 1999-1274 (La. App. 3d Cir. 200), 768 So. 2d 65, 73, , writ den., 766 So. 2d 1286 (citing *Reeves v. Structural Preservation System,* 98-1795 (La. 10/30/98), 723 So. 2d 966).

"[A]ccidents which occur while the employee is traveling to or from work are not considered to have occurred during the course of employment." *Alexander v. Hall*, 1999-1737 (La. App. 3 Cir. 4/5/00), 759 So. 2d 908, 910, *writ denied,* 2000-1236

7

(La. 6/16/00), 765 So.2d 336 (citing *L.J. Earnest Const. v. Cox,* 30,506 (La. App. 2 Cir. 5/13/98), 714 So.2 d 150, 151; *Stephens v. Justiss–Mears Oil Co.,* 312 So. 2d 293 (La. 1975)). However, this rule is subject to various nonexclusive exceptions recognized by the jurisprudence. An employee is within the course and scope of his employment when the employer has interested himself in the transportation to and from work as an incident to the employment agreement. *See Alexander,* 759 So.2d at 910 (citing *Keith v. Gelco Corp.,* 30,022 (La. App. 2 Cir. 12/10/97), 705 So. 2d 244). The principal criteria for determining course of employment cases are time, place, and employment activity. *See Alexander,* 759 So.2d at 910 (citing *Tucker v. Northeast Louisiana Tree Service,* 27,768 (La. App. 2 Cir. 12/6/95), 665 So. 2d 672, *writ den.,* 96–0063 (La.3/8/96), 669 So. 2d 404).

Additionally, La. R.S. 23:1101 allows the employer or employee to seek redress, in the form of reimbursement of benefits paid, from the third person who caused the employee's work-related injury. *See Louisiana Workers' Compensation Corp.*, 980 So.2d at 132 (citing *Roche v. Big Moose Oil Field Truck Service,* 381 So. 2d 396 (La. 1980)).

Generally, independent contractors are not entitled to workers' compensation benefits. *See Martinez v. Rames*, 2016-1312 (La. App. 4 Cir. 7/12/17), 224 So. 3d 467, 471. However, there is an exception for manual labor in La. R.S. 23:1021(7): an independent contractor may be covered by the manual labor exception if he demonstrates "that a substantial part of his work time is spent in manual labor in carrying out the terms of his contract with the principal *and* the work performed by

him is part of the principal's trade business or occupation."[7] *See Martinez,* 224 So. 3d at 471 (citing *Maldonado–Mejia v. Eversound Kitchen & Bath, LLC*, 15-0859 (La. App. 4 Cir. 4/20/16), 194 So. 3d 1136, 1140, *writ denied*, 16-0963 (La. 9/6/16), 205 So. 3d 914).

Defendants ask the Court to assume that White was McLain's employee and is covered by worker's compensation, despite the fact that there is no evidence to show specifically who White's employer was, whether White was an independent contractor or whether he is covered by worker's compensation as McLain's employee, and whether he was within the course and scope of his employment at the time of the accident. Nor has it been shown whether White filed a worker's compensation claim, and, if so, who it was filed against and whether it was successful.

White contends in his brief that, although he has propounded discovery, Defendants have never responded to it. ECF No. 42 at 1. White contends that, because there has been no discovery, his status as an employee or an independent contractor in the farm operation is not clear. ECF No. 42 at 1. White notes that, in the related case, McLain's state court petition describes White as a "farm hand." *See McLain v. Herrington*, Doc. No. 1:19-cv-00343, ECF No. 1-1 at 3, ¶ 4 (W.D. La.).

---

[7] "The jurisprudence has uniformly defined 'manual labor' as work where the 'physical' element predominated over the 'mental' element." *See Martinez,* 224 So. 3d at 471 (citing *Riles v. Truitt Jones Construction*, 94-1224 (La. 1/17/95), 648 So. 2d 1296, 1300. "Even those jobs requiring skill fit within the definition of manual labor." *Martinez,* 224 So. 3d at 471 (citing *Riles*, 648 So.2d at 1299). "It is the hands-on feature of labor combined with the strenuous quality of the work which determines whether a task is manual or not." *See Martinez,* 224 So. 3d at 472 (citing *Riles*, 648 So.2d at 1300).

However, that pleading does not clarify who exactly White's employer was and whether White was regarded as an employee or an independent contractor. *See Varnado v. Sanders,* 477 So. 2d 1205 (La. App. 1st Cir. 1985), *writs den.,* 85-C-2300, 85-C-2301 (La. App. 1st Cir. 1985), 481 So.2d 630 (La. 1986).

A good example of the complexities that may be involved in determining the employment relationship of a "farm hand" and his entitlement to worker's compensation is the case of *Varnado v. Sanders*. In *Varnado*, 477 So. 2d at 1208, the plaintiff was a farm hand who was severely injured by barbed wire while repairing a fence. The dairy farm business was owned and operated by Danny Sanders on John Sanders's land and with John Sanders's equipment. *See Varnado*, 477 So. 2d at 1210-11. John Sanders was Danny Sander's father. Only John Sanders had worker's compensation insurance. *See Varnado*, 477 So. 2d at 1208. The Louisiana court determined that John and Danny Sanders did not have a joint operation, that the business was owned by Danny Sanders, that Danny Sanders was Varnado's sole employer, and that John Sanders's worker's compensation insurance did not provide coverage for Danny Sanders's employees. *See Varnado*, 477 So. 2d at 1212-13. The court further concluded that Varnado's exclusive remedy against Danny Sanders was for worker's compensation, but that Varnado could file a tort claim against John Sanders because there was no employer-employee relationship between them. *See Varnado*, 477 So. 2d at 1213. Although Danny Sanders did not have worker's compensation insurance, he was still liable to Varnado for worker's compensation. *See Varnado*, 477 So. 2d at 1213-14, 1220.

Defendants have failed to show that White was actually employed by McLain (and not some other person or entity), that White was riding in McLain's vehicle within the course and scope of his employment when the accident occurred, and that White was covered by worker's compensation from McLain. Therefore, Defendants have not carried their burden of showing that White's liability claim against McLain is preempted by the Louisiana Worker's Compensation Act and that Farm Bureau is not properly joined.

Because Farm Bureau was a properly joined Defendant, diversity did not exist at the time of removal. Accordingly, White's Motion to Remand (ECF No. 36) should be granted.

### B. The Court does not have jurisdiction to rule on White's Motion to Amend.

White moves to amend his Complaint to allege that Farm Bureau provided uninsured and/or underinsured motorist coverage for McLain's truck. ECF Nos. 36, 42. Hallmark, Herrington, and SRT argue that the sole reason for the amendment is to "destroy" diversity jurisdiction. ECF No. 39.

Because this Court did not have diversity jurisdiction at the time of removal, it does not have jurisdiction to rule on White's Motion to Amend (ECF No. 32).

## III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that White's Motion to Remand (ECF No. 36) be GRANTED.

IT IS FURTHER RECOMMENDED that White's Motion to Amend (ECF No. 36) be DENIED for lack of jurisdiction.

IT IS FURTHER RECOMMENDED that, in accordance with its terms and after further jurisdictional review, the Court's initial Jurisdictional Review Finding (ECF No. 9) is hereby VACATED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 10th day of November 2020.

Joseph H.L. Perez-Montes
United States Magistrate Judge